# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

SANTA FE SCIENCE AND TECHNOLOGY, INC.,

    Plaintiff,

vs.                                                            CIV No. 02-0689 JC/LFG

PROFESSOR FRANK K. KO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion for Preliminary Injunction, filed Aug. 9, 2002 (*Doc. 18*). Having reviewed the motion, memoranda and relevant authorities, the Court finds the motion not well taken, and it is, therefore, denied.

### I.   Background

The facts of this case have already been detailed in the Court's Memorandum Opinion and Order, filed Dec. 4, 2002 (*Doc. 68*). As such, the Court only will briefly discuss the pertinent facts.

Santa Fe Science and Technology ("SFST"), located in Santa Fe, New Mexico, is engaged in scientific research and development of "for profit" commercial applications regarding the conduction of polymer fiber. In September 2000, in Philadelphia, Pennsylvania, Dr. Benjamin Mattes of SFST met with Dr. Frank Ko of Drexel University. Due to this meeting, the parties entered into a professional collaboration concerning SFST's fibrous materials. In October 2001, Dr. Ko traveled to Santa Fe where he signed a Confidentiality Agreement. Later that month, Dr. Ko requested that SFST send him a small amount of polymer fiber. In addition to the request, Dr. Ko stated that, "I will be happy to sign a secrecy agreement if the one that I signed is not specific enough." SFST did not

require any further agreement.

In December 2001, Dr. Ko delivered a report to China Textile Institute ("CTI") of Taiwan allegedly containing information covered under the Confidentiality Agreement. Dr. Ko also sent a portion of the fiber to CTI, also allegedly in violation of the Confidentiality Agreement. SFST did not know of Dr. Ko's association with CTI until Dr. Mattes visited Drexel University in March 2002. Upon this discovery, Dr. Mattes demanded the return of all SFST fiber from both Drexel and CTI. On March 26, 2002, Dr. Ko returned the fiber to SFST. SFST contends that Dr. Ko did not return all of the fiber. Dr. Ko, however, insists that the only portion he did not return was waste material.

SFST believes that a preliminary injunction is necessary to prevent Dr. Ko from making any further misappropriation or disclosure of SFST's property to CTI or any other third party. SFST also requests this Court to order Dr. Ko to return any remaining intellectual property belonging to SFST.

## II.     Analysis

"[A] preliminary injunction is an extraordinary remedy and the [requesting party's] right to relief must be clear and unequivocal." *Prairie Band of Potawatomi Indians v. Pierce*, 253 F. 3d 1234, 1246 (10th Cir. 2001)( alteration in original) (quoting *SCFC ILC, Inc. v. Visa USA, Inc*., 936 F. 2d 1096, 1098 (10th Cir. 1991)). The Movant bears the burden of showing: (1) that it has a substantial likelihood of prevailing on the merits; (2) that it will suffer irreparable harm unless the preliminary injunction is issued; (3) that the threatened injury outweighs the harm the preliminary injunction might cause the opposing party; and (4) that the preliminary injunction, if issued, will not adversely affect the public interest. *Pierce*, 253 F. 3d at 1246. If the Movant has established the final three requirements, he may satisfy the substantial likelihood of success requirement by demonstrating "that the questions going to the merits are so serious, substantial, difficult, and doubtful as to make the

issue ripe for litigation and deserving of more deliberate investigation." *Federal Lands Legal Consortium v. United States*, 195 F.3d 1190, 1194 (10th Cir. 1999).

The Court will assume without deciding that Plaintiff sufficiently has demonstrated that there is a substantial likelihood that it would prevail on the merits of the case. Plaintiff, however, fails to present evidence suggesting that it would suffer irreparable harm without a preliminary injunction. "A preliminary injunction will not be issued simply to prevent the possibility of some remote injury. A presently existing actual threat must be shown." Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice and Procedure* § 2948.1 at 139 (2d ed. 1995).

Plaintiff contends that due to Dr. Ko's failure to inform it of the University's connection with CTI, and its subsequent sharing of SFST's fiber with the Taiwanese company, it cannot trust Dr. Ko not to continue releasing information about SFST's technology to third parties. In support of its contention, Plaintiff states that it "derives no reassurance from Ko's self-serving statements that he has not analyzed or reverse-engineered the fiber and/or fabric...Nor is SFST comforted by Ko's assertions that CTI has not analyzed or reverse-engineered the fiber and/or fabric... There can be no assurance that analysis or reverse-engineering has not occurred in Taiwan." Pl.'s Reply to Def. Ko's Resp. to Pl.'s Mot. for Prelim. Inj., filed Jan. 6, 2003 at 9 (*Doc. 79*). These statements concern possible past actions, and, therefore, are not relevant to the issue of whether SFST is in any present or future imminent danger of having its technology utilized in contravention of the Confidentiality Agreement.

Plaintiff also argues that because Dr. Ko contends that he did not violate the Confidentiality Agreement in providing CTI with SFST's fiber, a preliminary injunction is necessary to prevent future improper disclosure. Finally, Plaintiff states that "[f]urther improper disclosure and appropriation

would further compromise the interests of DARPA [Defense Advanced Research Projects Agency] and the progress of SFST's current negotiations...." Mem. Brief in Support of Pl.'s Mot. for Prelim. Inj. (Pl.'s Mem.), filed Aug. 9, 2002 (*Doc. 19*). Yet such statements, without supporting evidence, are nothing more than mere speculative accusations of possible future misappropriation, which are not adequate to demonstrate irreparable harm. ("Speculative injury is not sufficient." *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.,* 527 U.S. 308, 340 (1999) (citation omitted)). Moreover, none of Plaintiff's exhibits indicate that Dr. Ko has not returned the requested fiber, or that he intends to continue using the technology contrary to SFST's requests. Pl.'s Mem., Exs. 29, 31, 32, 35.

Due to Plaintiff's failure to demonstrate an irreparable injury, the Court need not analyze the other elements required under the test for a preliminary injunction.

**III.   Conclusion**

Because Plaintiff is unable to provide anything more than mere speculative assertions that Defendant will misappropriate its technology in the future, Plaintiff fails to meet its burden for a preliminary injunction. SFST's request that this Court order Dr. Ko to return any remaining intellectual property belonging to it is also denied.

Wherefore,

**IT IS ORDERED** that Plaintiff's Motion for Preliminary Injunction, filed Aug. 9, 2002 (*Doc. 18*) is **DENIED**.

Dated January 16, 2003.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Attorneys for Plaintiff:

>Michael Allison, Esq.
>Charles Fisher, Esq.
>ALLISON & FISHER, P.C.
>Albuquerque, New Mexico

Attorneys for Defendant:

>Lawrence S. Rosenwald, Esq.
>LAWRENCE S. ROSENWALD, P.C.
>Philadelphia, Pennsylvania
>
>Esteban A. Aguilar, Esq.
>Felicia C. Weingartner, Esq.
>AGUILAR LAW OFFICES, P.C.
>Albuquerque, New Mexico